PER CURIAM.
Appellant Ovidio Fabre moves for rehearing of this Court’s per curiam opinion filed May 6,1998, which affirmed the lower court’s order denying his motion for post-conviction relief under Fla.R.Crim.P. 3.850. Appellant claims that his thirty-year sentence with the three year minimum mandatory provision for an attempted kidnapping conviction is illegal *1180 because it exceeds the statutory maximum for a second-degree felony where he was not charged with attempted armed kidnapping.
Appellant was indicted for first degree murder (later reduced to second-degree murder), attempted kidnapping, armed burglary and impersonating a police officer. Appellant pled guilty to all four counts, and in accordance with his plea agreement with the State, the trial court entered adjudication and sentenced appellant to the following: life imprisonment with a minimum mandatory of three years for the second degree murder with a firearm charge, thirty years imprisonment with a minimum mandatory of three years on the attempted kidnapping charge, life imprisonment with a minimum mandatory of three years on the armed burglary charge, and a one year sentence for falsely impersonating a police officer.
The State concedes that the thirty-year sentence on the attempted kidnapping charge exceeds the fifteen-year maximum for a second-degree felony and is illegal because appellant was not charged with attempted armed kidnapping. Consequently, the State also concedes that the three-year minimum mandatory provision on the attempted kidnapping sentence is.illegal because appellant was not charged with possessing a firearm.
Accordingly, we withdraw our previous opinion in this case, vacate the lower court’s sentence for attempted kidnapping, including the three-year minimum mandatory provision, and remand the case to the circuit court for resentencing on that count only.